shocks the conscience of the Court. The order for a new trial is, therefore, reversed.

In disposing of the case of *Anthony v. Boyer,* the trial court stated: "The rights of Robert Boyer against additional defendant Charlotte Sherman are to be determined in a new trial granted between those parties."

Since the negligence of Boyer was established at the trial already had, and by the verdicts rendered, Mrs. Sherman was absolved from any charge of contributory negligence, no purpose would be served in another trial to determine what has already been factually adjudicated. The action of the lower court in ordering a new trial as to *Boyer v. Sherman* is also reversed.

Mr. Justice EAGEN concurs in the result.

Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.

## Bailey Estate.

Argued October 10, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Isabel Bailey Stilley,* appellant, in propria persona.

*Thomas D. Thomson,* with him *Pringle, Bredin & Martin,* for appellees.

OPINION PER CURIAM, November 26, 1962:
Decree affirmed on the opinion of Judge Cox, each party to pay own costs.

Menyo, Appellant, *v.* Sphar.

Argued October 5, 1962.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.